Law Offices of
**MATHENY SEARS LINKERT & JAIME, LLP**
DOUGLAS A. SEARS, ESQ. (SBN 48646)
JEFFREY E. LEVINE, ESQ. (SBN 255862)
3638 American River Drive
Sacramento, California 95864
Telephone:   (916) 978-3434
Facsimile:    (916) 978-3430

Attorneys for Defendant, TOTER, INC., sued and served herein as DOES 2, 22, 32, 42, 52 and 62

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO ALBERTO ZARCO,<br><br>              Plaintiff,<br><br>        v.<br><br>VECOPLAN, LLC and TOTER, INC., and DOES 1 through 100, inclusive<br><br>              Defendant.<br><br>AND RELATED CROSS-ACTIONS | Case No.  2:12-CV-00826-GEB-CMK<br><br>**STIPULATION AND PROTECTIVE ORDER – CONFIDENTIAL AND HIGHLY CONFIDENTIAL DESIGNATIONS** |

## STIPULATED PROTECTIVE ORDER

**IT IS HEREBY STIPULATED** by and between Mario Zarco, ("Plaintiff"), Vecoplan, LLC. ("Vecoplan"), and Toter, Inc. ("Toter"), (hereinafter collectively the "Parties"), by and through their respective counsel of record, that in order to facilitate the exchange of information and documents which may be subject to confidentiality limitations on disclosure due to federal laws, state laws, and privacy rights, the Parties stipulate as follows:

1.      A party or a non-party (the "producing party") may designate information, documents, or things as "Confidential" or "Confidential – Attorneys' Eyes Only" pursuant to the terms and conditions set forth in this Stipulated Protective Order.

2.      Any document, information, or thing may be designated "Confidential" if it is in

1

*STIPULATION AND PROTECTIVE ORDER – CONFIDENTIAL AND HIGHLY CONFIDENTIAL DESIGNATIONS*

1  good faith determined by the producing party to contain confidential or proprietary information,
2  including information in written, oral, electronic, graphic, pictorial, audiovisual, or other form,
3  whether it is a document, information contained in a document, item produced for inspection,
4  information revealed during a deposition, information revealed in an interrogatory answer, or
5  otherwise.

6      3. If in good faith the producing party determines that the document, information, or
7  thing contains confidential commercial information of such a sensitive nature that its
8  dissemination cannot adequately be covered by the protections afforded by the "Confidential"
9  designation, a party may designate the document, information, or thing as "Confidential –
10 Attorneys' Eyes Only."

11     4. A producing party may designate any document or other tangible information or
12 thing as "Confidential" or "Confidential – Attorneys' Eyes Only" by stamping or appending at
13 some conspicuous place thereof with the legend "CONFIDENTIAL" or "CONFIDENTIAL –
14 ATTORNEYS' EYES ONLY."  For example, in the case of a paper document, a producing party
15 may so mark the first page of a multipage document or each applicable page.  In the case of other
16 tangible items, a producing party may so mark any appropriate location.  In the case of an
17 electronic document, a producing party may append to that document a similar notation that does
18 not alter the metadata associated with the document, or may place the mark "CONFIDENTIAL"
19 or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" on the outside of the medium (whether
20 disc, hard drive, etc.) containing the document.

21     5. A non-producing party may also designate any document, information, or thing
22 produced during the course of this proceeding, not already designated "Confidential" or
23 "Confidential – Attorneys' Eyes Only," as "Confidential" or "Confidential – Attorneys' Eyes
24 Only" as if it were a producing party.  The non-producing party shall accomplish such
25 designation by notifying all parties in writing of the specific item so designated.

26     6. A producing party may designate documents, information, or things disclosed at a
27 deposition of a producing party or one of its present or former officers, directors, employees,
28 agents, or independent experts retained for purposes of this proceeding as "Confidential" or

1  "Confidential – Attorneys' Eyes Only" on the record during the deposition or by notifying all
2  parties in writing of the specific item so designated, within ten (10) business days of receiving a
3  copy of the deposition transcript, of the specific exhibits or lines and pages of the transcript that
4  are "Confidential" or "Confidential – Attorneys' Eyes Only."

5        a.    If a producing party designates such materials as "Confidential" or
6  "Confidential – Attorneys' Eyes Only" on the record, the court reporter shall indicate on
7  the cover page of the transcript that the transcript includes "Confidential" (or,
8  "Confidential – Attorneys' Eyes Only") information, shall list the pages and line numbers
9  and/or exhibits of the transcript on or in which such information is contained, and shall
10 bind the transcript in separate portions containing "Confidential," "Confidential –
11 Attorneys' Eyes Only," and non-Confidential material.  Further, during the period in
12 which such "Confidential" or "Confidential – Attorneys' Eyes Only" information is
13 discussed during the deposition, any person present during the deposition who is not
14 authorized to receive such information pursuant to paragraphs 10 or 11 below shall be
15 excluded from that portion of the deposition.

16       b.    A deposition transcript and the exhibits thereto shall be presumed in their
17 entirety as containing "Confidential" and "Confidential – Attorneys' Eyes Only" material.
18 If, after the deposition is taken, the producing party designates any portion of the
19 deposition transcript or exhibits as "Confidential" or "Confidential – Attorneys' Eyes
20 Only" by giving written notice as described above, all persons receiving notice of such
21 designation shall affix the same to the face of their copy or copies of the transcript.

22       c.    A non-producing party may designate documents, information, or things
23 disclosed at a deposition as "Confidential" or "Confidential – Attorneys' Eyes Only" in
24 the same manner as a producing party.

25     7.    Documents, information, or things unintentionally produced without an
26 "Attorneys' Eyes Only" designation may be retroactively designated by written notice to all
27 parties.

28     8.    Should any party object to a designation of any information, documents, or things

as "Attorneys' Eyes Only" or challenge the presumptive designation of any information, document, or things as "Confidential," the parties and/or any affected non-party shall, on an expedited basis meet and confer in a good faith attempt to reach an agreement regarding the status of the information, documents, or things.  If the objection is not thereby resolved, the party claiming the "Attorneys' Eyes Only" or "Confidential" status of the information, documents, or things shall bring the dispute before the Court on a non-ex-parte expedited basis for a determination and have the burden of proving good cause for the entry of an order maintaining the designation of the information, documents, or testimony under the terms of this Stipulated Protective Order.  Until the Court makes such determination, all material designated as "Attorneys' Eyes Only" or "Confidential" shall be treated as such.

9.   All information, documents, or things produced, exchanged, or inspected in the course of this proceeding shall be used solely for the purpose of this proceeding.

10.   All documents, information, or things designated as "Confidential" shall be made available only to the Court and to counsel for the Parties (including the paralegal, clerical, and secretarial staff employed by such counsel in connection with the Case) and the following persons:

    a.   The parties and those agents and employees that are directly involved in the prosecution or defense of this matter;

    b.   experts or consultants (together with their clerical staff) retained by the respective Parties to assist in the Case;

    c.   court reporter(s) employed in the Case;

    d.   a witness at any deposition or other proceeding in the Case; and

    e.   any other person with the written consent of the parties (and any affected non-party producing party) or upon order of the Court.

11.   All documents, information, or things designated as "Confidential – Attorneys' Eyes Only" shall be made available only to the Court and the following persons:

    a.   outside counsel of record in this action, (including the paralegal, clerical, and secretarial staff employed by such counsel in connection with the Case);

      b.    in-house counsel with primary responsibility for this proceeding and his or her immediate supervisor, both of whom must be identified in writing by outside counsel of record;

      c.    experts or consultants retained by counsel to assist in the Case; and

      d.    any other person with the written consent of the parties (and any affected non-party producing party) or upon order of the Court.

12.    Materials designated as "Confidential" or "Confidential – Attorneys' Eyes Only" shall not be made available to persons other than those authorized in paragraphs 10 and 11 above, respectively, even if attached to or contained within otherwise non-Confidential materials, such as transcripts, memoranda, or affidavits. The "Confidential" and "Confidential – Attorneys' Eyes Only" information must be removed before the remaining materials may be made available to those other persons.

13.    Information, documents, or things shall not be disclosed to a party representative (other than outside counsel) pursuant to paragraph 10 or 11 or a testifying or non-testifying expert or consultant pursuant to paragraphs 10 or 11 unless and until such representative, expert, or consultant has first been supplied with and has read a copy of this Order and has executed a copy of the Confidentiality Agreement attached as Exhibit A.

14.    No documents, information, or things designated as "Confidential" or "Confidential – Attorneys' Eyes Only" shall be filed with the Court, including that contained in pleadings, motions, briefs, declarations, or exhibits, except in sealed envelopes. Such sealed envelopes shall bear the caption of the case and shall recite a concise, non-disclosing inventory of their contents for docketing purposes. Additionally, in the case of materials or information designated "Confidential" or "Confidential – Attorneys' Eyes Only," such sealed envelopes shall prominently bear the legend:

**CONTAINS CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER. TO BE OPENED ONLY BY OR AS DIRECTED BY THE COURT.**

To the extent possible, only those portions of a filing with the Court that contain material designated as "Confidential" or "Confidential – Attorneys' Eyes Only" shall be filed under seal.

The Court and its staff shall maintain under seal all filings so designated pending further order or direction from the Court. Provided that no "Confidential" or "Confidential – Attorneys' Eyes Only" information is disclosed, the parties may generally refer to documents designated as "Confidential" or "Confidential – Attorneys' Eyes Only" in pleadings, motions, briefs, affidavits, or exhibits filed with the Court, without the need to file such pleadings, motions, briefs, affidavits, or exhibits under seal.

15.  Nothing in this Order shall preclude any party to the proceeding or their attorneys from:

a.  Showing materials designated as "Confidential" or "Confidential – Attorneys' Eyes Only" to an individual who either prepared or reviewed the document, or is shown by the document to have received the document.

b.  Disclosing or using, in any manner or for any purpose, any information, documents, or things from the party's own files that the party itself designated as "Confidential" or "Confidential – Attorneys' Eyes Only".

c.  Disclosing or using, in any manner or for any purpose, any information, document, or thing at the trial of this matter. However, if a party intends to use or offer into evidence at such trial any materials designated as "Confidential" or "Confidential – Attorneys' Eyes Only," that party shall, unless otherwise ordered by the Court, so inform the producing party in a reasonable time in advance to allow the producing party to take such steps reasonably necessary to preserve the confidentiality of such information or documents.

d.  Redacting information from documents produced in accordance with the discovery process, including because such information is irrelevant to this action and would provide the opposing party with a business advantage over the producing party if it is produced. Nothing in this sub-section limits the opposing party from challenging such redactions before this Court.

16.  If either party is served with a subpoena or similar process, from any entity whatsoever, directing that party to produce any materials designated as "Confidential" or

6

*STIPULATION AND PROTECTIVE ORDER – CONFIDENTIAL AND HIGHLY CONFIDENTIAL DESIGNATIONS*

"Confidential – Attorneys' Eyes Only" not so designated by that party, counsel for that party shall immediately give counsel for the designating party written notice of the fact of such service so that the designating party may seek a protective order or otherwise act to protect the confidentiality of the designated materials.

17. Within sixty (60) days of the conclusion of this action, including any appeals, all originals and reproductions of any materials designated as "Confidential" or "Confidential – Attorneys' Eyes Only" shall be returned to the producing party or destroyed.  However, counsel for the parties may retain one complete set of pleadings and motion papers filed with the Court, and one complete copy of deposition testimony given in this action.  Counsel for the receiving party shall provide written verification to the producing party that all copies of such materials produced to the receiving party have been returned or destroyed, other than as indicated in this paragraph.  Materials designated as "Confidential" or "Confidential – Attorneys' Eyes Only" that are in the custody of the Court are excepted from the terms of this paragraph.

18. If information subject to a claim of attorney-client privilege, attorney work product or any other ground on which production of such information should not be made to a party is nevertheless inadvertently produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product or other ground for withholding production to which the producing party would otherwise be entitled.  Any and all facially privileged or work product materials inadvertently produced shall be returned promptly, when discovered, in accordance with ABA Rules of Professional Conduct Formal Opinion 92-368 (1992).  Any other inadvertently produced privileged materials shall be promptly returned upon the request of the producing party.

///
///
///
///
///
///

7

*STIPULATION AND PROTECTIVE ORDER – CONFIDENTIAL AND HIGHLY CONFIDENTIAL DESIGNATIONS*

1    19.    The terms of this Order shall remain in effect after the action and any related
2 appeals are concluded, except that there shall no longer be any restriction on use of materials
3 designated as "Confidential" or "Confidential – Attorneys' Eyes Only" that are used as exhibits at
4 trial (unless such exhibits were used under seal or protective order at trial).

**Date: 6/26/2013**

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

Approved as to form and content:

| | |
|---|---|
| Dated: | **LAW OFFICES OF MICHAEL T. SHEPHERD** |
| | By:_____<br>MICAHEL T. SHEPHERD, ESQ.,<br>Attorneys for Plaintiff, MARIO ZARCO. |
| Dated: | **LAW OFFICES OF JOSEPH W. BAGGETT** |
| | By:_____<br>JOSEPH W. BAGGETT, ESQ., Attorneys<br>for Plaintiff, MARIO ZARCO. |
| Dated: | **KOELLER, NEBEKER, CARLSON & HALUCK, LLP** |
| | By:_____<br>JOSEPH T. SPEAKER, ESQ., Attorneys<br>for Defendant, VECOPLAN, LLC. |
| Dated: | **MATHENY SEARS LINKERT & JAIME, LLP** |
| | By:_____<br>DOUGLAS A. SEARS, ESQ.,<br>JEFFREY E. LEVINE, ESQ.,<br>Attorneys for Defendant, TOTER, INC. |

## EXHIBIT A

## CONFIDENTIALITY AGREEMENT

STATE OF _____ )
                                         ) ss.
COUNTY OF _____ )

I, _____, being first duly sworn, state that:

1. My address is:
   _____
   _____

2. My present employer is _____ and the address of my employer is _____

3. My present occupation is _____

4. I have received a copy of the Stipulated Protective Order in the case of *Mario Zarco., v. Vecoplan, LLC, et al.,* Case No. 2:12-CV-00826-GEB-CMK in the United States District Court of the Eastern District of California.

5. I understand that I can be held in contempt of court for violating the terms of the Stipulated Protective Order and I submit to the jurisdiction of the United States District Court, Eastern District of California for purposes of enforcement of the Stipulated Protective Order.

6. I have carefully read and understand the provisions of the Stipulated Protective Order, and I will comply with all of its provisions.

_____

Subscribed and sworn to me before this \_\_\_ day of _____ 201\_\_\_.

_____
Notary Public
My commission expires: _____

*STIPULATION AND PROTECTIVE ORDER – CONFIDENTIAL AND HIGHLY CONFIDENTIAL DESIGNATIONS*